Matter of Kirby Forensic Psychiatric Ctr. v Myron M. (2025 NY Slip Op 02270)

Matter of Kirby Forensic Psychiatric Ctr. v Myron M.

2025 NY Slip Op 02270

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Index No. 530134/23 Ind. No. 249/20|Appeal No. 4137|Case No. 2024-03962|

[*1]In the Matter of Kirby Forensic Psychiatric Center, etc., Petitioner-Respondent,
v
Myron M., etc., Respondent-Appellant.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Leonard D. Simmons of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola (Michael J. Balch of counsel), for Nassau County District Attorney, respondent.
Letitia James, Attorney General, New York (Andrea W. Trento of counsel), for State respondent.

Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about May 9, 2024, which granted petitioner's application for a second retention order pursuant to CPL 330.20 for continued confinement of respondent in a secure facility, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying respondent's application for the appointment of an independent psychiatric expert (see CPL 330.20[15]; Judiciary Law § 35[4]). In deciding a CPL 330.20 proceeding, courts rely on testimony from the State's medical experts and, potentially, testimony from the respondent's retained expert or a respondent themselves (see Matter of Belfi v Gene B., 218 AD3d 401, 405 [1st Dept 2023]). A court has discretion to appoint additional experts if it is not satisfied with the findings of the experts chosen by the State (CPL 330.20[15]). Respondent here does not argue that the evidence presented was insufficient to establish that confinement was warranted. The expert who testified at the proceeding addressed all the required factors (see e.g. Matter of Belfi, 218 AD3d at 405). Further, the court did not express dissatisfaction with the evidence presented or state that additional expert testimony would have been helpful for it to understand any issues involved.
As for respondent's due process claim, we find that respondent has not established that additional expert testimony was "necessary to a reliable assessment" of his mental condition or a determination of this application (see Matter of Paul B., 217 AD3d 1555, 1555-1556 [4th Dept 2023], lv dismissed 42 NY3d 944 [2024]; see also Goetz v Crosson, 967 F2d 29, 36-37 [2d Cir 1992]). In any event, any proposed remedy is in the province of the legislature.
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025